Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sergio Escalera,<br><br>Plaintiff,<br><br>vs.<br><br>Tidewater Finance Company and ~~John Does I-X,~~ Benchmark Asset Resolution, Inc.,<br><br>Defendants. | Case No. 5:23-cv-2460-JFW-DTB<br><br>**FIRST AMENDED COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Sergio Escalera ("Plaintiff") brings this action against Defendants Tidewater Finance Company ("TFC") and ~~John Does I-X ("Does I-X~~ Benchmark Asset Resolution, Inc. ("Benchmark") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, ~~and~~ Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq*., and California common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person that at all relevant times resided in Victorville, California.

5. TFC is ~~an~~a Virginia corporation that regularly conducts business in California.

6. TFC, as part of its business, regularly purchases consumer paper in the form of automobile loans.

7. TFC is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8. ~~Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.~~

9.8. At all relevant times, ~~Does I-X were persons or entities~~Benchmark was using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

10.9. ~~Does I-X are~~Benchmark is a "debt ~~collectors~~collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11.10. On or about June 11, 2019, Plaintiff purchased a 2016 Honda Civic (the "Vehicle") from non-party, Rock Honda.

12.11. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract").

13.12. As part of the Contract, Plaintiff provided Rock Honda and its assignees a security interest in the Vehicle.

14.13. Thereafter, the Contract was assigned to TFC.

15.14. TFC is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

16.15. The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

17.16. Plaintiff purchased the Vehicle for personal, family, and household use.

18.17. The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

19.18. Thereafter, TFC engaged its repossession ~~agents, Does I-X~~agent, Benchmark, to repossess the Vehicle.

20.19. On or about January 18, 2023, ~~Does I-X~~Benchmark went to Plaintiff's brother's home to repossess the Vehicle.

21.20. Plaintiff noticed ~~Does I-X's~~Benchmark's arrival.

22.21. Plaintiff immediately ran out to confront ~~Does I-X~~Benchmark.

23.22. Before ~~Does I-X~~Benchmark could commence the repossession, Plaintiff confronted ~~Does I-X~~Benchmark and protested the repossession.

24.23. Plaintiff stood between the Vehicle and ~~Does I-X's~~Benchmark's tow vehicle.

25.24. Despite Plaintiff's unequivocal protests, and his presence between the vehicles, ~~Does I-X~~Benchmark attempted to continue with the repossession.

26.25. ~~Does I-X~~Benchmark lowed the tow vehicle's tow bar on Plaintiff and crushed his foot.

27.26. As a result, Plaintiff suffered physical injury.

27. On March 10, 2023, counsel for Plaintiff sent written notice to TFC advising of Plaintiff's representation by counsel, providing counsel's name and address, and requesting all communications regarding the Vehicle or the Contract be directed to counsel.

28. Upon information and belief, TFC received the March 10, 2023 letter within one week of its sending.

29. On September 26, 2023, counsel for Plaintiff sent another written notice to TFC again advising of Plaintiff's representation by counsel, providing counsel's name and address, requesting all communications regarding the Vehicle or the Contract be directed to counsel, advising of Plaintiff's claims, and requesting contact from TFC to discuss the claims.

30. Upon information and belief, TFC received the September 26, 2023 letter within one week of its sending.

31. On October 16, 2023, counsel for Plaintiff sent written notice to TFC again requesting contact from TFC to discuss Plaintiff's claims and referenced the September 26, 2023 letter.

32. Upon information and belief, TFC received the October 16, 2023 letter within one week of its sending.

33. At no time did Plaintiff's counsel fail to answer correspondence, return telephone calls, or discuss the obligation in question with TFC.

34. At no time did Plaintiff or his counsel provide prior approval to contact Plaintiff directly.

35. Nevertheless, TFC sent Plaintiff written correspondence dated November 19, 2023 seeking to collect on the Contract.

36. TFC's November 19, 2023 letter was not sent as a response in the ordinary course of business to an inquiry from Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## ~~DOES I-X~~
## BENCHMARK

~~28.~~37. Plaintiff repeats and re-alleges each factual allegation above.

~~29.~~38. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."

~~30.~~39. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession.

~~31.~~40. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

~~32.~~41. Plaintiff unequivocally protested the repossession.

~~33.~~42. Once Plaintiff protested the repossession, ~~Does I-X~~Benchmark lost the right to continue with the repossession.

~~34.~~43. Nonetheless, ~~Does I-X~~Benchmark continued with its repossession and thereby breached the peace.

~~35.~~44. A repossession agent's use of force is a breach of the peace.

~~36.~~45. By physically assaulting Plaintiff during the repossession, ~~Does I-X~~Benchmark breached the peace.

37.46. A repossession agent's breach of the peace negates a right to possession.

38.47. Because ~~Does I-X~~Benchmark breached the peace, ~~they~~it had no right to possession of the Vehicle.

39.48. ~~Does I-X~~Benchmark violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession, or no right to possession of the property existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ~~Does I-X~~Benchmark violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF CAL. COM. CODE § 9609(b)(2)
## TFC

40.49. Plaintiff repeats and re-alleges each factual allegation contained above.

41.50. The official comments to the California Commercial Code provide:

> In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party' behalf, including independent contractors engaged by the secured party to take possession of collateral.

Cal. Com. Code § 9609(b)(2) at Official Comment 3.

42.51. The peace was breached during TFC's repossession.

43.52. TFC violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TFC violated Cal. Com. Code § 9102(b)(2);

b) Awarding Plaintiff damages, pursuant to Cal. Com. Code § 9625;

c) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

d) Awarding such other and further relief as the Court may deem proper.

# COUNT III
# VIOLATION OF CAL. CIV. CODE § 1788.10(a)
# ALL DEFENDANTS

44.53. Plaintiff repeats and re-allege each factual allegation contained above.

45.54. ~~Does I-X~~Benchmark violated Cal. Civ. Code § 1788.10(a) by using physical force or violence or any criminal means to cause harm to Plaintiff or Plaintiff's property.

46.55. TFC, as the debt collector who hired ~~Does I-X~~Benchmark, is liable for ~~Does I-X's~~Benchmark's violation of the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ~~Does I-X~~Benchmark violated Cal. Civ. Code § 1788.10(a);

b) Adjudging that TFC, as the debt collector that hired ~~Does I-X~~Benchmark, is liable for ~~Does I-X's~~Benchmark's violation of the RFDCPA;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF CAL. CIV. CODE § 1788.17
## ALL DEFENDANTS

47.56. Plaintiff repeats and re-allege each factual allegation contained above.

48.57. ~~Does I-X~~Benchmark violated 15 U.S.C. §§ 1692e(5) and f(6).

49.58. By violating 15 U.S.C. §§ 1692e(5) and f(6), ~~Does I-X~~Benchmark violated Cal. Civ. Code § 1788.17.

50.59. TFC violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

51.60. By violating Cal. Com. Code § 9102(b)(2), TFC violated 15 U.S.C. § 1692e(5).

52.61. By taking possession of the Vehicle after the peace was breached, TFC violated 15 U.S.C. §§ §§ 1692e(5) and f(6).

53.62. By violating 15 U.S.C. §§ §§ 1692e(5) and f(6), TFC violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TFC and ~~Does I-X~~Benchmark violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00 per Defendant;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF CAL. CIV. CODE § 1788.14(c)
## TFC

63. Plaintiff repeats and re-allege each factual allegation contained above.

64. TFC violated Cal. Civ. Code § 1788.14(c) by communicating directly with Plaintiff when it had previously been notified in writing of his representation by counsel by Plaintiff's counsel of the representation, counsel's name and address, and where Plaintiff's counsel requested that all communications be directed to counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TFC violated Cal. Civ. Code § 1788.14(c);

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## NEGLIGENCE
## BENCHMARK

65. Plaintiff repeats and re-allege each factual allegation contained above.

66. In connection with repossessing Plaintiff's Vehicle, Benchmark owed Plaintiff a duty of care.

67. Benchmark further owed Plaintiff a duty to cease the repossession if it could not be completed without a breach of peace.

68. Before Benchmark could commence the repossession, Plaintiff confronted Benchmark and protested the repossession.

69. Plaintiff stood between the Vehicle and Benchmark's tow vehicle.

70. Despite Plaintiff's unequivocal protests, and his presence between the vehicles, Benchmark attempted to continue with the repossession.

71. Benchmark lowed the vehicle's tow bar on Plaintiff and crushed his foot.

72. In doing so, Benchmark breached its duties to Plaintiff.

73. As a result, Benchmark caused Plaintiff to suffer physical injury, pain and suffering, and emotional distress.

74. Benchmark's actions were taken with malice and/or oppression.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Benchmark is liable for negligence;

    b) Awarding Plaintiff actual damages;

    c) Awarding Plaintiff punitive damages, pursuant to Cal. Civ. Code § 3294;

    d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

~~54.~~ 75. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 22, 2023

                      Respectfully submitted,

                      /s/ Russell S. Thompson, IV

Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on December 22, 2023, the foregoing was filed with the Clerk of the U.S. District Court for the Central District of California using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV